UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN LABORERS'
HEALTH CARE FUND, MICHIGAN
LABORERS' PENSION FUND, MICHIGAN
LABORERS' VACATION FUND, LIUNA
TRAINING OF MICHIGAN FUND,   Case No.
MICHIGAN LABORERS' EMPLOYERS'
COOPERATION AND EDUCATION TRUST  Hon.
FUND, and MICHIGAN LABORERS'
ANNUITY FUND,

   Plaintiffs,

v.

GAYANGA ENVIRONMENTAL CO. LLC, a
Michigan limited liability company, and
GAYANGA CO. LLC, a Michigan limited
liability company, jointly and severally,

   Defendants.

_____/

**COMPLAINT**

1. This is an ERISA collection action brought by trustees of jointly administered, multi-employer benefit funds to, *inter alia*, collect all unpaid benefit contributions, interest, double interest or liquidated damages, assessments, and costs, plus attorney's fees and costs, from Defendants Gayanga Environmental Co. LLC ("Gayanga Env.") and Gayanga Co. LLC ("Gayanga Co."), jointly and severally (collectively "Gayanga"). This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132

1

and 1145 *et. seq.*, Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and the Michigan Building Contract Fund Act ("MBCFA"), MCL 570.151, *et. seq*.

## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and the MBCFA, MCL 570.151, *et. seq*.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b) and ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

4.      Plaintiffs are trustees and fiduciaries of the Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, LIUNA Training Fund of Michigan, the Michigan Laborers' Employers' Cooperation and Education Trust Fund, and the Michigan Laborers' Annuity Fund (the "Funds"), which are jointly-administered, multi-employer benefit funds. The Funds maintain their principal office and place of business in Lansing, Michigan. The Funds receive benefit contributions from various employers pursuant to the terms of collective bargaining agreements ("CBAs").

5.      Defendants Gayanga are Michigan limited liability companies that do business in the construction industry, performing abatement work and other services.

6. Defendant Gayanga Co. is the parent company of Defendant Gayanga Env.

7. Defendant Gayanga Env.'s registered agent, Aaron V. Burrell, is located at 500 Woodward Ave., Suite 4000, Detroit, MI 48226. (Ex. 1).

8. Defendant Gayanga Co.'s registered agent is its CEO/President, Brian McKinney, and is located at its place of business 7700 2nd Ave., Suite 419, Detroit, MI 48202. (Ex. 1).

9. Defendants Gayanga are employers within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of ERISA, 29 U.S.C. §1002(5).

10. Gayanga is owned and operated by Brian McKinney.

## DEFENDANTS' CONTRIBUTION OBLIGATIONS

11. The Michigan Laborers' District Council ("MLDC") of the Laborers' International Union of North American, AFL-CIO ("LIUNA") is a labor organization that enters into CBAs with employers, including CBAs that require employers to remit benefit contributions to the Funds.

12. Since at least 2022, Defendant Gayanga Env. has been bound to the CBA between the Asbestos & Lead Abatement Contractors Association of Michigan ("ALACA") and the International Association of Heat and Frost Insulators and Allied Workers' Regional Local Union No. 2017 with the Michigan Laborers'

3

District Council ("MLDC") of the Laborers' International Union of North America ("LIUNA"), including the 2011-2023 CBA (Exs. 2-3), an agreement that is audited by the Funds.

13.     The CBA sets forth the wages, hours, and other terms and conditions of employment for Defendants' bargaining unit employees ("BUEs").

14.     The CBA requires Defendants to make benefit contributions to the Funds on behalf of the appropriate BUEs. Under the CBA, Defendant Gayanga is required to remit benefit contributions at the hourly rate established for each Fund, and for all hours of work subject to the CBA performed by its employees.

15.     Pursuant to the terms of the CBA (Ex. 2), related Trust Agreements and Amendments (Ex. 4), and the Michigan Laborers' Collection Policy (Ex. 5), Defendants Gayanga must show the hours worked by its BUEs for the work month and the benefit contributions owed to the Funds based on those hours, by submitting Contribution Report Forms ("CRFs") by the 15th day of the following month. The benefit contributions shown due in the CRFs are also due by the 15th day of the following month.

16.     The CBA, related Trust Agreements and Amendments, and the Laborers' Collection Policy also require Defendants Gayanga to pay interest and assessments on contributions which are unpaid or remitted after their due date. (Exs. 2-5).

4

17. Defendants Gayanga must also promptly furnish to the Funds all records containing the classifications of its workers, the names and social security numbers of its workers, the amount of wages paid to and hours worked by its workers, location of work, and any other payroll records and information which may be required in connection with the administration of the Funds, including their audits, and to ensure that the appropriate benefit contributions and other amounts are recorded and collected. (Ex. 5).

## DEFENDANTS' VIOLATIONS OF ERISA AND THE CBAs

18. From January 31, 2022 through present, Defendants Gayanga employed BUEs who performed work covered by the terms of the CBA.

19. From January 31, 2022 through present, Defendants Gayanga failed to remit proper contributions to the Funds and failed to submit proper CRFs.

20. Pursuant to the CBAs, the Funds audited Defendant Gayanga Env. to determine contribution amounts owed from February 2022 through June 2023 ("Audit Period").

21. As a result of work performed by its BUEs during the Audit Period, Defendants Gayanga owe **$23,371.49** for unpaid benefit contributions and assessments, interest, and costs, to the Funds. (Exs. 6-7). This number will continue to increase due to interest and other costs.

## SINGLE EMPLOYER STATUS AND INDIVIDUAL LIABILITY

22.     Defendants Gayanga Env. and Gayanga Co. are alter egos and/or a single employer that:

a.      have common ownership (including Brian McKinney);

b.      have common officers, directors and managers (including Brian McKinney);

c.      have a common business purpose and do the same type of work (construction industry work);

d.      operate from the same locations;

e.      have common supervision and control over labor relations (including Brian McKinney);

f.      use the same equipment and have common employees;

g.      have common professional services providers;

h.      have common customers; and

i.      otherwise have inter-related operations and finances.

23.     Defendants Gayanga Env. and Gayanga Co. are joint employers that both retain authority to supervise, hire and fire, determine work rules and employment conditions, give work assignments and issue operating instructions.

24.     As alter egos and/or a single employer and/or joint employers, Gayanga Env. and Gayanga Co. are jointly liable for the contributions, interest and assessments which both companies owe to the Funds for the above audit periods.

6

## COUNT I

## FAILURE TO MAKE BENEFIT CONTRIBUTIONS
## AS A VIOLATION OF ERISA

25. Plaintiffs incorporate the allegations of preceding paragraphs by reference.

26. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

27. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. Section 502 expressly authorizes the recovery of unpaid benefit contributions, interest, double interest or liquidated damages and attorney's fees and costs. Also, a suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

28. Defendants' failure to make contractually required fringe benefit contributions violates ERISA. 29 U.S.C. §§1132 and 1145.

29. Defendants' failure also violates the CBAs and relevant Trust Agreements.

30. The Funds are entitled to all remedies under ERISA, including a judgment for unpaid benefit contributions, audit assessments, interest, double

7

interest or liquidated damages, attorney's fees and costs and other legal and equitable relief. 29 U.S.C. §1132.

31.　Plaintiffs request the relief outlined below.

## COUNT II

## FAILURE TO MAKE BENEFIT CONTRIBUTIONS AND SUBMIT CRFs IN VIOLATION OF THE CBAs AND TRUST AGREEMENTS AND THE LMRA

32.　Plaintiffs incorporate the allegations set forth in preceding paragraphs by reference.

33.　Section 301(a) of the LMRA provides a federal forum to enforce labor contracts, which include the contractual promises to submit to audits and to make benefit contributions. 29 U.S.C. §185(a).

34.　Plaintiff Trustees and the Funds are third-party beneficiaries of the CBA and/or other written agreements.

35.　Under the CBA and Trust Agreements and other written agreements, the Funds are entitled production of payroll records and to recover unpaid benefit contributions, interest, double interest or liquidated damages, assessments, and costs found due in the audit, plus attorney's fees and costs. (Exs. 2-5).

36.　Defendants have breached the CBA, the Trust Agreements, and the Michigan Laborers' Collection Policy incorporated into the CBA, by failing to

8

properly remit benefit contributions and other amounts found due to the Funds as a result of the audit. (Exs. 2-5).

37.     Defendants have also breached the CBA, the Trust Agreements, and the Michigan Laborers' Collection Policy by failing to remit proper monthly CRFs. (Exs. 2-5).

38.     Plaintiffs request the relief outlined below.

## COUNT III

### FAILURE TO MAKE BENEFIT CONTRIBUTIONS AND CRFs IN VIOLATION OF THE MBCFA

39.     Plaintiffs incorporate the allegations set forth in preceding paragraphs by reference.

40.     At all relevant times, Defendants engaged in the business of building construction in the State of Michigan, and as such, conducted business within the meaning of the MBCFA, MCL 570.151, *et. seq.*

41.     For the period that includes 2022 to present, in connection with labor performed on non-public projects in the State of Michigan by Defendants Gayanga or related business operations, Defendants Gayanga were in control of contract proceeds.

42.     Pursuant to the MBCFA, any such payments received by Defendants were deemed held in trust by them on behalf of MBCFA-protected persons, including the Funds.

9

43.     Defendants Gayanga retained and/or misused the monies held in trust under the MBCFA, for purposes other than to pay MBCFA-protected parties including the Funds, in violation of the MBCFA.

44.     Defendants Gayanga misappropriated monies held in trust under the MBCFA, before payment of amounts owed to the Funds for labor on the construction property, and otherwise had intent to defraud.

45.     Defendants' improper misappropriation and/or retention of monies held in trust under the MBCFA violated the MBCFA.

46.     Gayanga Co. is currently under FBI investigation for fraudulent activities.

47.     Plaintiffs request the relief outlined below.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs request that this Court enter a judgment and order against Defendants as follows:

A.     Adjudicating that Defendant Gayanga Env. is bound to the CBA, and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B.     Adjudicating that Defendants Gayanga are alter egos/single employers and jointly and severally liable for all amounts due;

C.     Adjudicating that Defendants Gayanga were in violation of the MBCFA;

D.     Ordering Defendants to specifically honor all of the fringe benefit obligations pursuant to the CBA, including making

proper and timely monthly remittances and monthly reports consistent with the terms of the CBA and related Trust Agreements;

E.     Awarding the Funds **$23,371.49** in unpaid benefit contributions, interest, double interest or liquidated damages, assessments, and costs found due for the February 2022 - June 2023 Audit Period, *plus* attorney's fees and costs and all updated interest and costs;

F.     Awarding the Funds all MBCFA monies that were improperly retained or misappropriated by Defendants and not paid to the Funds for work on construction projects;

G.     Awarding attorney's fees and costs to the Funds in connection with bringing and prosecuting this action; and

H.     Granting the Funds all additional and/or other relief (including injunctive and equitable relief) to which they are entitled.

*/s/Megan B. Boelstler*
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
306 S. Washington Ave., Suite 203
Royal Oak, MI 48067-3837
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

May 4, 2026           Attorneys for Plaintiffs